The judgment of the court was pronounced by
Eustis, C. J.
On the 8th January, 1847, the brig Mount Vernon, then lying stranded at the bar of Tampico, was sold under an order from the American Consul, appointing competent persons to hold a survey on said brig. The sale was made by the plaintiff, who is an auctioneer, at public auction in Tampico, and the defendant became the purchaser for the sum of $1,0.50, of which the sum of $750 was received. The petition alleges, that subsequent to the sale the plaintiff sold one fourth of his interest to Edwin B. Jenkins, for the price of three hundred dollars, who assumed to pay such part of the whole price, and that the plaintiff advanced said sum on account of said Jenkins; that subsequently, to wit, on the 9th Jannary, the said Jenkins sold to the plaintiff his fourth interest in the brig as she lay for the price of $325, which sum was paid by the plaintiff.
This fourth interest in the brig Mount Vernon is the subj ect of the present suit. There was judgment for the defendant in the court below, and the plaintiff has appealed. The case has been submitted on a printed argument of counsel in behalf of the defendant, but no argument has been offered in behalf of plaintiff. It appears that the matter m dispute between these parties was adjudicated upon by the bench of justices at Tampico, a tribunal instituted by the military commander at that port, which was at the time in the occupancy of our forces. It was held by that tribunal, that the defendant was the sole owner- of the brig, and that the plaintiff had no interest whatever in her. The decree of this tribunal, it has been alleged, is res judicata between the parties, and it has been pleaded in bar of the present action of the plaintiff.
The full evidence on both sides being before us, we deem it unnecessary to determine on the force and effect to be given to this decree, inasmuch as our conclusions on the merits of the cause are in concurrence with it.
The testimony is very voluminous and on some points contradictory, but we think it clear that Jenkins never had an interest in the brig that he could transfer without the consent of the defendant. The defendant we think agreed that Jenkins might have a fourth interest. The brig was stranded, she was to be gotten off. Jenkins was a mariner as well as'the defendant and could have aided in that object. The agreement of the defendant was, evidently, persona], and did not create an intei-est which could be transferred. It was an agreement to take Jenkins as a partner, but gave him no power to impose on the principal party in interest an unknown or an obnoxious partner; nor does it appear that this agreement on the part of the defendant was acted upon or carried into effect in any manner by Jenkins, except by this attempt to sell out to the plaintiff.
The judgment of the district court is therefore affirmed with costs.